# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# WEST PALM BEACH DIVISION

JENNA COPPOLA, individually,

*Plaintiff,*

vs.

ARONESTY AND SANTORO, INC., a Florida Corporation; and SCOTT ARONESTY, individually,

*Defendants.*

CASE NO: 9:17cv80568

## COMPLAINT

Plaintiff, Jenna Coppola, through undersigned counsel, files this Complaint for damages and declaratory relief against Defendants Aronesty and Santoro, Inc. ("A&S"), and Scott Aronesty ("Aronesty") (collectively "Defendants"), and states:

## INTRODUCTION

1. Plaintiff, Jenna Coppola, is a former employee of Defendants.

2. As detailed below, this is an action for damages caused by Defendants' willful and continuous violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et. seq.* ("FLSA"), for violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), and damages for unjust enrichment.

## JURISDICTION AND VENUE

3. This Court has subject matter judication with respect to Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331.

4. This Court has pendant jurisdiction over the FDUTPA claims and state law claims based on 28 U.S.C. § 1367.

5. Plaintiff's state law claims are so closely related to Plaintiff's claims under the FLSA that they form part of the same case or controversy under Article III of the United States Constitution.

6. This Court has personal jurisdiction over Defendant A&S because it is a Florida Corporation with a principal place of business in Palm Beach County, Florida.

7. This Court has personal jurisdiction over Defendant Aronesty because he is a resident of Palm Beach County, Florida.

8. Venue is proper in this District, pursuant to 28 U.S.C. § 1391, because the Defendants are subject to personal jurisdiction in this District and because the acts giving rise to the claims occurred in this District.

## **PARTIES**

9. Plaintiff, Jenna Coppola ("Ms. Coppola"), is a Florida resident with a permanent residence in Palm Beach County, Florida. She is a licensed cosmologist in Florida. At all times material, Ms. Coppola was Defendants' employee within the meaning of 29 U.S.C. § 203(e).

10. Defendant A&S is a for-profit corporation organized and existing under the laws of the State of Florida and maintaining a principal place of business at 16850 Jog Road, Suite 106, Delray Beach, Florida 33446. A&S is an employer within the meaning of 29 U.S.C. § 203(d).

11. At all times material, Defendant A&S was an "enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203. Ms. Coppola's work for Defendants affected interstate commerce for the relevant time period because the materials that she used on a constant and continual basis, and that were supplied to her by Defendants to use on the job, moved through interstate commerce prior to and/or subsequent to Ms. Coppola's use of same. Additionally, upon

information and belief, Defendant A&S grossed in excess of $500,000.00 per annum for the relevant time period.

12. Defendant Aronesty is the owner and operator of A&S. As A&S's owner, Defendant Aronesty had, at all times material, operational control over significant aspects of A&S's day-to-day functions, including the compensation and scheduling of employees, and he had direct responsibility for the supervision of employees. Therefore, Defendant Aronesty is personally liable for the FLSA violations complained of herein. Defendant Aronesty is an employer within the meaning of 29 U.S.C. § 203(d).

13. At all times material, Defendants maintained control, oversight, and direction over Ms. Coppola in her capacity as an employee of Defendant A&S, including but not limited to hiring and firing decisions, determining the rate of pay and work schedules, maintaining employment records, and otherwise controlling the terms and conditions of her employment.

14. At all times material, Defendants had control over and the power to change compensation practices that harmed Ms. Coppola and the other hair stylists that it employed.

## GENERAL ALLEGATIONS

15. From January 2012 through November 2016, Ms. Coppola was employed by Defendants within the meaning of 29 U.S.C. § 203(g).

16. Ms. Coppola began her employment with Defendants as an assistant. All aspects of her daily responsibilities were tightly managed by Defendants and the corporate policies, procedures, and practices they enacted.

17. In Ms. Coppola's first two months of employment, Defendants compensated her $250.00 per week as an unlicensed cosmetologist. Upon receiving her cosmetology license on or around March 15, 2012, Defendants raised Ms. Coppola's compensation to $300.00 per week until she was promoted to a junior hair stylist in late 2014 or early 2015.

3

18. As a junior hair stylist, Ms. Coppola's compensation was commission-based. Defendant Aronesty orally agreed with Ms. Coppola that her commissions would be evenly split with A&S.

19. In practice, her commissions were not evenly split.

20. Instead, Ms. Coppola's commissions were calculated as follows: a $5.00 "hair product fee" was first subtracted by Defendants from the total fee a client was charged; Ms. Coppola was then given 50% of the remaining sum. This $5.00 charge-back resulted in Defendants retaining approximately $12,000 per year from Ms. Coppola's commissions.

21. Defendants received "hair product" for free from distributors.

22. Defendants charged Ms. Coppola the "hair product fee" for each client she serviced, regardless of whether hair products were actually used on the client. Ms. Coppola was not permitted to obtain hair products from any other source.

23. Ms. Coppola generally worked a five-day workweek. However, it was a common and reoccurring practice for Defendants to schedule Ms. Coppola on off-days and weekends for mandatory training events and mandatory extracurricular tasks that furthered Defendants' business.

24. Defendants required Ms. Coppola to attend mandatory out-of-town classes and hair shows for and on behalf of Defendants, at Ms. Coppola's own expense. Ms. Coppola was not paid for the time she spent at out-of-town events and was not reimbursed for her expenses.

25. Defendants' required Ms. Coppola to solicit new clients for Defendants while off duty by networking at malls, bars, and stores. Ms. Coppola received no compensation for this time spent in furtherance of Defendants' interests.

26. Defendants' corporate policy did not permit Ms. Coppola to leave the A&S premises for a lunch break. Ms. Coppola was often not permitted by Defendants to take a lunch break at all. If breaks were taken, they were generally less than twenty (20) minutes long.

27. Defendants' corporate policy required employees, such as Ms. Coppola, to give monetary birthday gifts to every employee (over fifty (50) individuals) and holidays gifts to Defendants' front desk, which consisted of Defendant Aronesty's daughter and ex-wife.

28. For a six-month period between 2014-2015, Ms. Coppola worked a six-day workweek.

29. Throughout Ms. Coppola's employment with Defendants, she regularly worked more than forty (40) hours in a workweek.

30. Defendants failed to pay Ms. Coppola overtime for hours worked in excess of forty (40) hours in a workweek.

31. Throughout Ms. Coppola's employment with Defendants, she worked hours for which she was not paid the applicable statutory minimum wage. Additionally, she worked hours in which she received no wages at all.

32. Ms. Coppola's regular rate of pay was often less than one and one-half times the applicable minimum wage for every hour worked in a workweek in which overtime hours were worked.

33. Defendants' unlawful conduct was pursuant to a corporate policy and practice that included minimizing labor costs and maximizing profits by denying Ms. Coppola overtime compensation and minimum wages in violation of the FLSA, and claiming $5.00 kickbacks for "hair product" that was often not used.

34. Defendants' unlawful conduct has been widespread, repeated, and consistent.

35. Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused damages to Ms. Coppola.

## COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT
## (UNPAID OVERTIME – BOTH DEFENDANTS)

36. Plaintiff repeats and realleges Paragraphs 1-35 as if fully set forth herein.

37. Since Ms. Coppola's date of hire, Defendants failed to pay Ms. Coppola overtime wages for hours worked in excess of forty (40) hours in a workweek.

38. 29 U.S.C. § 207 of the FLSA requires covered employers, such as Defendants A&S and Aronesty, to compensate all non-exempt employees, such as Ms. Coppola, at a rate not less than one and one-half times their regular rate of pay for work performed in excess of forty (40) hours per workweek.

39. Defendants failed to pay Ms. Coppola overtime wages for hours worked over forty (40) hours in a workweek. As such, Ms. Coppola is entitled to overtime compensation at one and one-half times her regular rate of pay for all work performed in excess of forty (40) hours per week.

40. Defendants failed to make, keep, and preserve accurate records with respect to Ms. Coppola's hours worked each workday and total hours worked each workweek, as required by 29 U.S.C. § 211(c), and supporting federal regulations.

41. Defendants' unlawful conduct has been willful and intentional. Defendants were aware or should have been aware that their practices with regards to the compensation of Ms. Coppola violated the FLSA.

42. Due to the intentional, willful, and unlawful acts of the Defendants, Ms. Coppola has been deprived of overtime compensation in amounts to be determined at trial, and Ms. Coppola

is entitled to recovery of such amounts, plus an equal amount as liquidated damages pursuant to the FLSA.

WHEREFORE, Plaintiff respectfully seeks the following relief against the Defendants:

a. Damages in an amount to be determined for unpaid overtime compensation;

b. Liquidated damages in an amount equal to Plaintiff's unpaid overtime compensation;

c. Plaintiff's reasonable attorneys' fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

d. Pre-judgment interest and post-judgment interest; and

e. Such other relief as this Court shall deem just and proper.

### COUNT II – VIOLATION OF THE FAIR LABOR STANDARDS ACT (UNPAID MINIMUM WAGES – BOTH DEFENDANTS)

43. Plaintiff repeats and realleges the allegations contained in Paragraph 1-35 as if fully set forth herein.

44. Ms. Coppola's employment with Defendants was to consist of a normal workweek for which she was to be compensated at or above the statutory minimum wage.

45. Ms. Coppola worked hours for the Defendants for which she was not paid the statutory minimum wage and in some cases, for which she was not paid anything.

46. Defendants failed to make, keep, and preserve accurate records with respect to Ms. Coppola's hours worked each workday and total hours worked each workweek, as required by 29 U.S.C. § 211(c), and supporting federal regulations.

47. Defendants' minimum wage violations of the FLSA were willful and intentional. Defendants were aware or should have been aware that their practices with regard to the compensation of Ms. Coppola violated the minimum wage provisions of the FLSA.

7

48. As a direct and proximate result of Defendants' willful violation of the FLSA, Ms. Coppola is entitled to compensatory and liquidated damages pursuant to the FLSA.

WHEREFORE, Plaintiff respectfully seeks the following relief against the Defendants:

a. Damages in an amount to be determined for all unpaid minimum wages;

b. Liquidated damages in an amount equal to Plaintiff's unpaid minimum wages;

c. Plaintiff's reasonable attorneys' fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

d. Pre-judgment interest and post-judgment interest; and

e. Such other relief as this Court shall deem just and proper.

**COUNT III - VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT**
**(DAMAGES – BOTH DEFENDANTS)**

49. Plaintiff repeats and realleges the allegations contained in paragraph 1-35 as if fully set forth herein.

50. Defendants charged Ms. Coppola a "hair product" fee for each customer she serviced, even if she did not use the "hair product" she was charged for, prior to splitting her commission.

51. Defendants did not pay for "hair product," despite their representations otherwise.

52. Defendants systematically employed this deceptive and unfair practice as an off-the-books corporate policy to improperly retain money that belonged to Ms. Coppola.

53. Defendant Aronesty actively participated in perpetuating this deceptive and unfair practice and had the measure of control required to change it. He did not.

54. As a result, Defendant Aronesty is personally liable.

55. Defendant A&S actively participated in perpetuating this deceptive and unfair practice and had the measure of control required to change it. It did not.

56. As a result, Defendant A&S is individually liable.

57. This unfair and deceptive practice was not reasonably avoidable by Ms. Coppola.

58. Defendants' conduct was unfair, deceptive, and ultimately caused Ms. Coppola substantial injury in an amount to be proven at trial.

WHEREFORE, Plaintiff respectfully seeks the following relief against the Defendants:

a. Damages in an amount to be determined to recover the total sum of money improperly retained by Defendants;

b. Plaintiff's reasonable attorneys' fees and costs and expenses of this litigation pursuant to Fla. Stat. § 501.2105; and

c. Such other relief as this Court shall deem just and proper.

**COUNT IV - VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT
(DECLARATORY JUDGMENT – BOTH DEFENDANTS)**

59. Plaintiff repeats and realleges the allegations contained in paragraph 1-35 as if fully set forth herein.

60. Defendants charged Ms. Coppola a "hair product" fee for each customer she serviced, even if she did not use the "hair product" she was charged for, prior to splitting her commission.

61. Defendants did not pay for "hair product," despite their representations otherwise.

62. Defendants systematically employed this deceptive and unfair practice as an off-the-books corporate policy to improperly retain money that belonged to Ms. Coppola.

63. Defendant Aronesty actively participated in perpetuating this deceptive and unfair practice and had the measure of control required to change it. He did not.

64. As a result, Defendant Aronesty is personally liable.

9

65. Defendant A&S actively participated in perpetuating this deceptive and unfair practice and had the measure of control required to change it. It did not.

66. As a result, Defendant A&S is individually liable.

67. Ms. Coppola has been aggrieved by Defendants' violation of FDUTPA.

WHEREFORE, Plaintiff respectfully seeks the following relief against the Defendants:

a. Issuance of a declaratory judgment that Defendants' acts and practices, individually and collectively, violate the Florida Deceptive and Unfair Trade Practices Act;

b. Plaintiff's reasonable attorneys' fees and costs and expenses of this litigation pursuant to Fla. Stat. § 501.2105; and

c. Such other relief as this Court shall deem just and proper.

## **COUNT V – UNJUST ENRICHMENT**

68. Plaintiff repeats and realleges the allegations contained in paragraph 1-35 as if fully set forth herein.

69. Ms. Coppola conferred a benefit on Defendants.

70. Defendants knowingly derived a benefit from Ms. Coppola by, among other things:

a. Improperly retaining a portion of her commissions as a "hair product" fee;

b. Failing to pay overtime wages for work performed in excess of forty (40) hours per workweek;

c. Failing to pay minimum wages;

d. Failing to pay any wages for certain work performed;

e. Failing to reimburse Ms. Coppola for travel expenses incurred on behalf of, and for the benefit of, Defendants; and

71. Defendants accepted those benefits and have retained those benefits.

72. It is inequitable for Defendants to retain the benefits conferred by Ms. Coppola.

73. Defendants were unjustly enriched at the expense of Ms. Coppola.

74. Ms. Coppola is entitled to damages as a result of Defendants' unjust enrichment.

**WHEREFORE**, Plaintiff respectfully seeks the following relief against the Defendants:

(1) damages in an amount to be determined for Defendants' unjust enrichment at the expense of Ms. Coppola;

(2) Pre-judgment and post-judgment interest; and

(3) Such other relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all claims.

Dated: May 4, 2017

Respectfully submitted,

By: s/ *David J. Yaffe*

David J. Yaffe
Florida Bar No.: 125488
dyaffe@pollardllc.com

Jonathan E. Pollard
Florida Bar No.: 83613
jpollard@pollardllc.com

Christopher Prater
Florida Bar No.: 105488
cprater@pollardllc.com

**Pollard PLLC**
401 E. Las Olas Blvd. #1400
Fort Lauderdale, FL 33301
Telephone: 954-332-2380
Facsimile: 866-594-5731
*Attorneys for Plaintiff Jenna Coppola*